## Horatio J. Lawrence v. Joseph Fellows et al.

Where a bill is filed to foreclose a mortgage against a non-resident mortgagor, who does not appear, if the mortgaged premises are insufficient to satisfy the debt, the complainant must have recourse to his remedy at law for the balance; and this Court has no power to issue execution thereon.

Petition by complainant for an order vacating an appraisement and set off of real estate on a *fieri facias*, under the "act to provide for the transfer of real estate on execution, and for other purposes," approved February 17, 1842, and for a sale of the premises on the execution.

*E. S. Lee*, in support of the motion.

The Chancellor. It appears by the petition the defendants are non-residents; that complainant filed his bill against them, as such, to foreclose a mortgage, procured an order for their appearance, had the same published, and, none of defendants appearing, obtained a decree under the statute regulating proceedings against absent, concealed, and non-resident defendants. *R. S.* 371. The mortgaged premises were afterwards sold by a Master, and, not bringing enough to pay what was due on the mortgage, a *fieri facias* was taken out for the balance, and levied on real estate of the mortgagor, which was appraised and set off to the complainant, under the appraisement and set-off law of February 17th, 1842. The complainant, deeming the law to be unconstitutional, and the proceedings had under it null and void,—the defendants never having appeared in the suit,—moves to have the appraisement and set-off vacated, and the premises regularly sold on the execution.

Not only the appraisement and set-off, but the execu-

tion itself, must be set aside and held for nought, not for the reason urged by complainant, but a different reason, viz. that the execution should never have been issued.

The 105th section of the chapter of the revised statutes relating to this Court, *R. S.* 376, which gives the Court power to decree and direct the payment by the mortgagor of any balance that may remain due after a sale of the mortgaged premises, and, for that purpose, to issue execution as in other cases, against other property of the mortgagor, as well as the 58th section relating to executions, is inapplicable to proceedings and decrees against non-resident defendants, who have not appeared. Neither of these sections is under the head, "Of proceedings against absent, concealed, and non-resident defendants." The 82d, 83d and 84th sections, which are under this head, provide;—the 82d section, that process shall issue to compel the performance of such decree, (against a non-resident, &c.) either by sequestration of the real and personal estate of the defendant, or such part thereof as shall be deemed sufficient, (to satisfy the decree, when it is for the payment of a sum of money;) or, when any specific estate or effects are demanded by the bill, by causing possession of the property so demanded to be delivered to the complainant. The 83d section provides that possession shall not be delivered, until complainant shall have given such security, and in such sum, as the Court shall direct, to abide the order of the Court touching the restitution of the estate or effects delivered, in case the defendant shall appear, and be admitted to defend the suit. The 84th section, that, upon like security being given, the Court, when a sequestration shall have issued, may order the decree to be satisfied out of the estate and effects sequestered; but, if such security shall not be given, the estate and effects shall remain under the direction of the

Court, to abide its further order. And the 88th section provides, if the bill shall have been filed to procure the foreclosure or satisfaction of a mortgage, the Court, instead of proceeding to a sequestration in the manner thereinbefore directed, may decree a sale of the mortgaged premises, or of such part thereof as may be necessary to discharge the mortgage and the costs of suit, as in other cases. But no provision is made, in case the mortgaged premises do not sell for enough to satisfy the mortgage debt, for collecting the balance in this Court by execution or sequestration. The 82d section, in speaking of sequestration, has reference to equitable demands only, which cannot be enforced at law, and which the injured party is under the necessity of enforcing in a court of equity. Before any statutory regulation on the subject, the mortgagee could come into this Court for a foreclosure or sale of the mortgaged premises only; and if, on a sale, the mortgaged premises did not bring enough to satisfy the whole debt, he had to sue upon his bond, or other evidence of debt, at law. And, as the statute has not altered the law in this respect, as to non-resident mortgagors who have not appeared, he must still have recourse to his legal remedy against them, for any balance remaining after a sale of the mortgaged premises.

The *fieri facias*, and all proceedings had under it, must be set aside, and held for nought; and complainant must have leave to prosecute at law for the balance of the mortgage debt.